﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200418-78726
DATE: February 26, 2021

ORDER

Entitlement to an initial compensable disability rating for hypertension is denied.

REMANDED

Entitlement to an initial compensable disability rating for residuals of a spontaneous intracerebral hemorrhage is remanded.

FINDING OF FACT

Throughout the appeal period, the Veteran’s diastolic pressure was not predominantly 100 or more, his systolic pressure was not predominantly 160 or more, and he did not have a history of diastolic pressure predominantly 100 or more requiring continuous medication for control.

CONCLUSION OF LAW

The criteria for entitlement to an initial compensable disability rating for hypertension have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.7, 4.104, Diagnostic Code (DC) 7101.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 2004 to September 2012.

Following a January 2020 rating decision, the Veteran timely filed a VA Form 10182 in April 2020 requesting a Direct review of the evidence considered by the AOJ. The Board’s review is limited to the evidence of record at the time of the January 2020 notification of the rating decision.

Entitlement to an initial compensable disability rating for hypertension

The Veteran contends that he is entitled to an initial compensable evaluation for hypertension. The Board finds that the preponderance of the evidence is against an initial compensable evaluation. 

The Veteran’s hypertension is evaluated under DC 7101. Under DC 7101, a 10 percent rating is assigned for diastolic pressure predominately 100 or more, or; systolic pressure predominantly 160 or more, or is the minimum rating for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. Although the schedular criteria do not specifically outline any criteria for a noncompensable (0 percent) rating, the Board notes that a 0 percent rating is assigned when the requirements for a compensable evaluation are not met pursuant to 38 C.F.R. § 4.3.

Turning to the evidence of record, the Veteran underwent a VA examination in July 2019 where he was noted to have a diagnosis of hypertension. He was taking medication to control his symptoms, namely Clonidine. Upon examination, his blood pressure was taken three times and measured at 118/66, 116/64, and 114/60. The examiner found that the Veteran did not have a history of a diastolic blood pressure elevation to predominantly 100 or more.

In October 2019, he underwent a second VA examination where it was noted he took 0.1 milligram of Clonidine three times a day to control his hypertension. Upon examination, his blood pressure was taken three times and measured at 137/90, 131/88, and 134/88. The examiner found that the Veteran did not have a history of a diastolic blood pressure elevation to predominantly 100 or more.

Overall, the evidence does not indicate diastolic blood pressure of predominantly 100 or more, or systolic pressure predominantly 160 or more. The Veteran also did not have a history of diastolic pressure predominantly 100 or more requiring continuous medication for control. There are no other Diagnostic Codes that might apply to the Veteran’s hypertension.

In light of the foregoing, the Board finds that an initial compensable evaluation for hypertension is not warranted. The Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the claim. 38 U.S.C. § 5107. 

REASONS FOR REMAND

Entitlement to an initial compensable disability rating for residuals of a spontaneous intracerebral hemorrhage is remanded.

Remand is needed to correct a pre-decisional duty to assist error. Namely, the Veteran was afforded a VA examination in October 2019 to evaluate the severity of his disability. The examiner stated that the Veteran had “mild memory difficulties/cognitive impairment secondary to the spontaneous intracerebral hemorrhage.” However, the examiner failed to provide any objective findings that would allow the Board to properly evaluate the rating claim. A new VA examination must be obtained with more thorough findings on the extent of the Veteran’s memory and cognitive impairment.

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected residuals of a spontaneous intracerebral hemorrhage. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must complete the corresponding VA disability benefits questionnaire (DBQ).

 

M. E. Larkin

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Jack S. Komperda, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.